```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ANNMARIE AVILA and YANKEE
GINDOFF, individually and on behalf of
all others similarly situated,

                    Plaintiffs,

    -against-

FRONTLINE ASSET STRATEGIES, LLC, a
Minnesota Limited Liability Company; LVNV
FUNDING, LLC, a Delaware limited Liability
Company; RESURGENT CAPITAL
SERVICES, L.P., a Delaware Limited Partnership;
JH PORTFOLIO DEBT EQUITIES, LLC, a
California Limited Liability Company; and
JOHN DOES,

                    Defendants.
-------------------------------------------------------X
```

FILED
CLERK
1/30/2020 3:35 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

For Online Publication Only

**MEMORANDUM & ORDER**
18-CV-6352 (JMA) (AKT)

**Appearances:**

Abraham Kleinman
Kleinman, LLC
626 RXR Plaza
Uniondale, NY 11556-0626
    *Attorney for Plaintiff*

Peter G. Siachos, Randolph Andrew Scott, and Stephanie Marie Imbornone
Gordon & Rees LLP
18 Columbia Turnpike
Suite 220
Florham Park, NJ 07932
    *Attorneys for Defendants*

**AZRACK, United States District Judge:**

Plaintiffs Annmarie Avila and Yankee Gindoff (together, "Plaintiffs") initiated this civil action on November 7, 2018. (Compl., ECF No. 1.) Before the Court is the defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 26.) In accordance with a recent decision by the Second Circuit, the motion is GRANTED, and this case is dismissed with prejudice.

On November 4, 2019, the Second Circuit issued a Summary Order in Dow v. Frontline Asset Strategies, LLC 783 F. App'x 75 (2d Cir. 2019). The Dow case involved the exact same letter sent to Plaintiffs in this action. (See Compl., Ex. A.) In addition, the complaint in the instant action alleges that the subject debt was static (i.e. no longer accruing any interest, late charges, or other charges), and thus fully mirrors Dow. (See Id. ¶¶ 60, 94.) Indeed, Plaintiffs filed an Amici Curiae brief in Dow asserting that their claims pending before the undersigned may be affected by the Second Circuit's decision, and specifically alleged that both lawsuits "involve the same unlawful form letter used by [] Frontline Asset Strategies, LLC to collect consumer debts. The plaintiffs in both actions claim Frontline's letters violate the Fair Debt Collection Practices Act ('FDCPA'), 15 U.S.C. §§ 1692-1692p." Brief for Amici Curiae at 2, Dow v. Frontline Asset Strategies, LLC, 783 F. App'x 75 (2d Cir. 2019) (No. 18-3107-cv), 2019 WL 911552.

In Dow, the Second Circuit affirmed the decision by the district court that granted Frontline Asset Strategies, LLC's motion for judgment on the pleadings. The Second Circuit found that the line items for interest and charges or fees accrued on the balance did not render the notice misleading because the "lines reflect $0 in interest or fees and charges had accrued." Dow, 783 F. App'x at *77. Moreover, the Second Circuit determined that the language "[a]s of the date of this letter, you owe" did not otherwise render the notice misleading. Id. Without any "other information relating to interest, fees, or charges in the notice," the Second Circuit held that one "cannot say that the least sophisticated consumer would read the collection notice here as suggesting their debt is dynamic." Id.

Given the identical collection notice, language, and claims are at issue in the instant action, (and that both cases concern a static debt), the Court grants the defendants' motion to dismiss for the same reasons stated in the Second Circuit's Summary Order in Dow v. Frontline Asset

Strategies, LLC.  This case is thus dismissed with prejudice.  The Clerk of the Court is directed to enter judgment accordingly and mark this case closed.

**SO ORDERED.**

Dated: January 30, 2020
Central Islip, New York

/s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE